*In re* MARRIAGE OF LISA L. SPANGLER, Petitioner-Appellant, and KIM A. SPANGLER, Respondent-Appellee.

Fourth District   Nos. 4—83—0507, 4—83—0717 cons.

Opinion filed May 30, 1984.

Mark A. Schuering, of Goehl & Schuering, of Quincy, for appellant.

Leahy and Leahy, of Springfield (Mary Lee Leahy, Andrew J. Leahy, and Cheryl Redfield Jansen, of counsel), for appellee.

JUSTICE GREEN delivered the opinion of the court:

These consolidated appeals arise from a dissolution of marriage proceeding in the circuit court of Adams County between petitioner, Lisa L. Spangler, and respondent, Kim A. Spangler. In case No. 4—

83—0507, petitioner appeals from that portion of an order entered by that court on April 7, 1983, awarding custody of the parties' children to respondent. Subsequent to petitioner's timely filing of notice of appeal from that order, petitioner filed a petition under section 610 of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (Ill. Rev. Stat. 1983, ch. 40, par. 610) on August 31, 1983, seeking modification of the custody order. On September 21, 1983, the trial court dismissed that petition for want of jurisdiction. The appeal in case No. 4—83—0717 is by petitioner and from that order. We affirm the April 7, 1983, order and reverse the order of dismissal entered on September 21, 1983.

The order dismissing the petition to modify presents a unique question upon which no direct authority has been presented or discovered. Accordingly, we consider that question first.

The petition to modify was filed after the notice of appeal from the order of custody had been filed and while that appeal was pending. One of the reasons that the trial court held that it had no jurisdiction was the familiar, general rule that a trial court has no jurisdiction to change the substance of an order during the pendency of an appeal from that order. (*In re Marriage of Legge* (1982), 111 Ill. App. 3d 198, 443 N.E.2d 1089.) On the surface, it appears that the instant petition to modify seeks the very relief which the foregoing rule holds to be beyond the power of the court to grant. However, a close analysis of the nature of the procedure to modify custody pursuant to section 610 of the IMDMA persuades us to the contrary.

Section 610 states in part:

"Modification. (a) Unless by stipulation of the parties, no motion to modify a custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health.

(b) After the expiration of the 2 year period following a custody judgment specified in subsection (a) of this Section, the court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, *upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian,* or in the case of a joint custody arrangement that a change has occurred in the circumstances of the child or either or both parties having custody, and that the modification is nec-

essary to serve the best interest of the child." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 40, par. 610.

■■ A grant of section 610 relief by a trial court during the pendency of an appeal from a prior custody order differs in a significant aspect from other situations where a trial court is requested to "modify" a prior order pending its appeal. Section 610 retains the common law rule enunciated in *Nye v. Nye* (1952), 411 Ill. 408, 105 N.E.2d 300, that a final custody order is *res judicata* as to facts presented to the court at the time of the entry of that order. (See Ill. Ann. Stat., ch. 40, par. 610, Historical & Practice Notes, at 93 (Smith-Hurd 1980).) Thus, the original custody order stands as the judgment of the court as to the circumstances before the court at the time of entry and that judgment is not changed by a grant of relief under section 610. Although the granting of such relief is said to "modify" the judgment of custody, actually, a new judgment is entered based on new facts and circumstances. As the procedure requires the giving of *res judicata* effect to the original custody determination, the new custody judgment is one that could be entered even if the original custody judgment is affirmed.

Our conclusion that the trial court had jurisdiction to enter the order of modification here is consistent with that of the Second District in the case of *In re Marriage of Petramale* (1981), 102 Ill. App. 3d 1049, 430 N.E.2d 569. That court held a trial court to have jurisdiction to hear a petition to modify an award of child support filed pursuant to section 510 of the IMDMA while appeal from the original order of support was pending. That court made a somewhat different analysis than ours, basing its decision on the rule that support orders are always subject to modification and that the court has jurisdiction to modify such orders without reserving jurisdiction. The court also noted that "the duration of the appellate process requires that petitioners have a forum available at all times in which support matters may be determined." 102 Ill. App. 3d 1049, 1053, 430 N.E.2d 569, 573.

■ In order to obtain relief under either section 510 or section 610, a petitioner must show a change in circumstances from the situation which existed at the time the original order was entered. In both cases, relief may be necessary while an appeal is pending. The appellate court cannot grant such relief because its only power to change the effect of the judgment on appeal is that to stay the enforcement of the judgment. (87 Ill. 2d R. 305.) Suggestion has been made that proceedings to change custody pending appeal from a custody order might be had in a dire emergency under the provisions of the Juvenile

Court Act. (Ill. Rev. Stat. 1981, ch. 37, par. 701—1 *et seq.*) Such a procedure would be most cumbersome. It is questionable if the Juvenile Court Act would cover all instances where modification of custody is highly desirable.

If the trial court hears the section 610 petition while the original order is on appeal and denies relief, the appeal would not suffer interference. If the trial court granted relief, the original appeal may become moot. The *Petramale* court recognized this, but was not deterred from upholding the trial court's jurisdiction. We agree. The mooting of the question on appeal is not an interference with the appeal as would be the case if the record upon which the appeal is based was changed by the trial court after a notice of appeal was filed. The cause of justice is usually served rather than obstructed when a dispute is mooted. Because of the *res judicata* effect that the trial court must give to the original order on appeal, the authority of the reviewing court to pass on the propriety of the original order, if necessary, is not infringed upon by the trial court.

■ In taking the position that the trial court lacked jurisdiction to hear the petition, both the trial court and respondent have relied upon the theory that the intent of section 610 of the IMDMA, which is to encourage stability and continuity as to child custody, would be defeated if a trial court could do so. However, the provisions of the IMDMA encourage stability and continuity regardless of whether the petition is heard pending appeal or otherwise. Not only is a change in circumstance required for any relief under section 610, but where, as here and typically when the original order is on appeal, less than two years have elapsed since the prior order, the petitioner must support the petition with affidavits showing that there is reason to believe the child's present environment may "endanger seriously his physical, mental, moral or emotional health." When the stringent requirements of section 610 are met, relief may be necessary, regardless of whether the original order is on appeal.

In reversing the order dismissing the section 610 petition we are holding that the pendency of the appeal from the original custody order did not deprive the court of jurisdiction to hear the petition to modify. We are not passing on any other aspect of that request for relief.

We now address the issue raised by petitioner in case No. 4—83—0507. Petitioner maintains on appeal that the trial court's order entered on April 7, 1983, awarding permanent custody of the parties' two minor daughters to respondent was contrary to the manifest weight of the evidence.

■ The parties agree that (1) a trial court's decision awarding custody will not be disturbed on appeal unless it is contrary to the manifest weight of the evidence or unless it appears that manifest injustice has been done, and (2) the presumption favoring the result reached by a trial court is strong and compelling in custody cases because the trial court, rather than the reviewing court, is in a better position to evaluate the credibility of the witnesses and the needs of the children. *In re Custody of Switalla* (1980), 87 Ill. App. 3d 168, 408 N.E.2d 1139.

The record in this case contains the following background information. The parties were married on January 16, 1976, and had two daughters: Jamie, born on June 29, 1976; and Brooke, born on December 13, 1980. In June 1977, the parties moved into a duplex house in Quincy. The living quarters of the duplex consist of a living room, dining room, kitchen, half bathroom and back porch downstairs, and a full bathroom and two bedrooms upstairs.

Respondent worked full-time from 1977 until March 13, 1982, when he was laid off work subject to recall and began drawing unemployment compensation benefits. Petitioner held a variety of jobs during the marriage. The children were placed in day care facilities while petitioner was working and also during certain times when she was not working.

After the trial court entered an order on February 11, 1982, which gave exclusive possession of the marital residence to petitioner, respondent moved to an upstairs apartment which consisted of a living room, dining room, two bedrooms, and a large kitchen with a snack bar.

In mid-August 1982, petitioner left the children with respondent for four days while she was in the hospital. On August 19, 1982, when petitioner returned from the hospital to the marital residence, respondent was moving some furniture and the children's clothes out of that residence. After a confrontation between the parties, respondent left the premises with the children.

Respondent subsequently enrolled Jamie in the first grade at Adams School in Quincy and continued to care for both children at his apartment. On August 27, petitioner went to the Adams School, removed Jamie from class, and took her to live with petitioner in Iowa. Petitioner admitted during cross-examination that (1) she did not get court permission to take the child to Iowa, (2) even though she saw respondent at the school when she removed Jamie from class, she did not tell respondent she was going to take the child out of school, and (3) she did not tell the school personnel that she was taking Jamie to

Iowa.

From August 27, 1982, until the October 7, 1982, temporary custody hearing, petitioner and Jamie lived at a friend's home in Iowa while Brooke continued to live with respondent in Quincy. Following the temporary custody hearing, the trial court entered an order awarding custody of both children to respondent and granting visitation rights to petitioner.

At the conclusion of the hearings on the issue of permanent child custody, the trial court, noting that the evidence indicated that both parties were fit parents, awarded custody of the children to respondent. After carefully considering the record, we conclude that the trial court's decision was not contrary to the manifest weight of the evidence.

We note that although each party called several witnesses who testified favorably as to the parties' parental skills, no witness testified that respondent was incapable of caring for the children or supplying their physical and emotional needs. The evidence also indicates that respondent has properly cared for the children since obtaining temporary custody of them in October 1982. Specifically, the testimony adduced at the hearings demonstrated that respondent has cooked well-balanced meals for the children, kept them clean, dressed them well, disciplined them properly, and kept their apartment clean.

We recognize that Kathy Entrup, called by petitioner to testify as an expert witness on emotional child abuse, stated that certain of respondent's conduct constituted "poor" or "not so good" parenting. However, Ms. Entrup testified that such conduct would have to be consistent in order to constitute emotional child abuse. The record in this case contains no evidence of such a consistent course of conduct.

In addition, Dr. Frank Froman, a clinical child psychologist, called to testify by respondent, testified that respondent's parenting skills were "okay," but that respondent had certain things to learn about parenting as do most young parents. However, after interviewing the children, Dr. Froman testified that (1) they appeared warm, friendly, and relaxed, and (2) he found no evidence of emotional child abuse.

Finally, we note that Norma Barnwell, Jamie's first-grade teacher, testified that (1) Jamie came to school appropriately dressed, clean, and well-groomed, and (2) respondent had visited the school and discussed Jamie's progress with her on various occasions. Moreover, Ms. Barnwell stated that although Jamie had behavioral problems and poor study habits early in the 1982 school year when she returned from Iowa, these problems had improved substantially since Jamie began living with respondent. Specifically, Ms. Barnwell testified that at

the time of the child custody hearings Jamie had more friends, and was more disciplined and organized in her work.

The foregoing evidence indicates that the trial court's award of custody to respondent did not constitute a manifest injustice, nor was the custody order against the manifest weight of the evidence.

For the reasons stated herein, we reverse the trial court's order entered in case No. 4—83—0717 which dismissed the petition for modification of custody for want of jurisdiction and remand the cause for further proceedings; we affirm the trial court's order entered in case No. 4—83—0507 which awarded custody of the parties' children to respondent.

Reversed and remanded in case No. 4—83—0717, affirmed as to case No. 4—83—0507.

MILLS, P.J., and MILLER, J., concur.